UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| ERIC THOMAS NOE, | ) |
| Petitioner, | ) Case No. 5:24-cv-00311-GFVT-EBA |
| v. | ) |
| IVAN KROW, *Warden, Little Sandy Correctional Complex*, | ) **MEMORANDUM OPINION & ORDER** |
| Respondent. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on a Report and Recommendation prepared by United States Magistrate Judge Edward B. Atkins. [R. 15.] Judge Atkins reviewed a petition for writ of habeas corpus filed by state prisoner Eric Thomas Noe pursuant to 28 U.S.C. § 2254. [R. 1.] After conducting a preliminary review of the petition, Judge Atkins directed Respondent Krow to respond to Noe's petition. [R. 4.] Krow did so and filed a Motion to Dismiss. [R. 9.] Having considered that motion, Judge Atkins recommends that the Court dismiss the matter based on the untimeliness of the petition. [R. 15.] Noe objected to Judge Atkins' recommendation, [R. 16], but the Court finds that Noe has not met his burden to toll the time limit. Accordingly, Noe's objections **[R. 16]** are **OVERRULED**, Judge Atkins' Recommendation **[R. 15]** is **ADOPTED** as and for the opinion of the Court and the Court will dismiss this case.

**I**

Noe was convicted in 2017 of first-degree robbery by a jury in Kentucky state court after robbing a Chase Bank in downtown Richmond, KY. [R. 15 at 2-3 (citing *Noe v. Commonwealth*, No. 2017-SC-000326-MR, 2018 WL 5732312, at *1–2 (Ky. Nov. 1, 2018)).] He appealed that

decision to the Kentucky Supreme Court which affirmed his conviction on November 1, 2018. *Id*. He took no further action on this case until November 30, 2021, when he filed a motion to vacate pursuant to KY. R. CRIM. P. 11.42. *Id*. at 3; [*see also* R-14-1 at 1.] On August 4, 2022, Noe petitioned for a writ of mandamus against the trial court judge and filed a motion for a belated appeal on May 5, 2023 – both motions were denied due to Noe's failure to pay the associated filing fees. [R. 15 at 3-4; R. 9-2 at 11-15.] Noe then filed a Motion to Vacate Judgment Pursuant to CR 60.02 on April 22, 2024, which is still pending in Kentucky state court. [R. 15 at 3; R. 14-1 at 95.] Noe filed this petition for habeas relief on October 29, 2024. [R. 1.]

Upon referral from this Court, Judge Atkins considered Noe's petition and Krow's motion to dismiss and prepared a Report and Recommendation. [R. 15.] Judge Atkins recommends that the Court dismiss Noe's petition and decline to issue a certificate of appealability. *Id.* at 10. Noe objects to Judge Atkins' Recommendation. [R. 16.] Krow has responded to Noe's objections and the matter is now ripe for review.

## II

To receive review of a magistrate judge's decision, a party must submit particularized objections to a report and recommendation within fourteen days of the date of service thereof. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve issues. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). An objecting party must provide sufficient specificity "to enable the district court to discern those issues that are dispositive and contentious." *Miller*, 50 F.3d at 380.

In order to receive *de novo* review by this Court, any objection must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d. 981, 994 (6th Cir. 2007) (quoting *Smith v. Chater*, 121 F.3d 709, 1997 WL 415309, at *2 (6th Cir. 1997) (unpublished opinion)). A general objection that fails to identify specific factual or legal issues from the Recommendation, however, is not permitted, since it duplicates the magistrate's efforts and wastes judicial economy. *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991). Noe asserts one objection to Judge Atkins' recommendation.

## A

Noe essentially argues that Judge Atkins' factual assertions on timeliness are wrong and that he is therefore entitled to traditional equitable tolling. The Antiterrorism and Effective Death Penalty Act establishes a "1-year period of limitation" governing motions for collateral relief under § 2254. 28 U.S.C. § 2244(d). But that one-year statute of limitations is subject to equitable tolling "when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010). To determine whether a petitioner merits traditional equitable tolling of the statute of limitations, courts must consider (1) whether the petitioner has been pursuing his rights diligently and (2) whether some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750 (6th Cir. 2011). The habeas petitioner bears the burden of demonstrating that both factors are met. *Hall*, 662 F.3d at 750.

Judge Atkins determined two issues related to timeliness. First, that Noe's petition was untimely as he had until January 30, 2020, to file his § 2254 petition and he did not do so until

3

October 29, 2024.  [R. 15 at 6-7.]  Judge Atkins further explained that because the limitations period had already expired when Noe filed his RCr 11.42 motion on November 30, 2021, it could not serve to toll the deadline for him to file his § 2254 petition. *Id*. at 7.  Second, Judge Atkins determined that Noe has not established that he has pursued his rights diligently or that some extraordinary circumstance prevented timely filing. *Id*. at 7-9.  Specifically, Judge Atkins found that "the records that have been presented here do not support Noe's arguments" and that Noe otherwise "failed to present any evidence to substantiate his claims that the docket histories are incorrect, that he otherwise diligently pursued his rights, or that some extraordinary circumstance prevented him from timely filing his § 2254 petition." *Id*. at 8.

      This Court agrees with Judge Atkins' assessment.  On the face of the state court record, Noe submitted his Motion to Vacate Judgment pursuant to RCr 11.42 on November 30, 2021. [R. 9-2 at 9.]  Prior to that motion, Noe had not filed any post-conviction motions at all. He contends, as he contended before Judge Atkins, that he in actuality initially filed that motion on September 20, 2019, months before the one-year deadline had elapsed.  [R. 16 at 2; R. 11 at 4; R. 13 at 2.]  Setting aside that Noe's objections merely reiterate the arguments he made before Judge Atkins, he still presents no evidence to support his claims.  Noe suggests that this is because he is "having to contend with a corrupt and unjust state judicial system" from a "corrupt state court" to a "corrupt state prison system."  [R. 16 at 2.]  He suggests that the prison "did not duly document any of [Noe's] outgoing legal mail" leaving him with an inability to prove he had previously attempted to file his RCr 11.42 motion in September 2019.  *Id*.

      Instead, Noe contends that indirect evidence supports his claims.  First, he suggests that Judge Atkins' conclusions that some of Noe's claims were "directly contradicted by the record" is wrong simply because the Kentucky Supreme Court's opinion is "false" and "merely the

4

Commonwealth Attorney's rendition blindly accepted as truth." *Id*. at 2-4. He also suggests that the docket histories he received differed from those provided to the Warden, including omission of his November 30, 2021 motion. *Id*. at 4-5.

      This circumstantial evidence, such as it is, does not suggest that Noe filed a timely motion. The docket he provided is admittedly different from the one provided by Krow, but the simplest explanation is that the documents submitted by Krow are simply more thorough. Indeed, the docket submitted by Krow would seem to be more favorable to Noe than the less thorough docket Noe submitted as it reflects more attempts by Noe to attack his conviction. To conclude from some small differences in docket records, later seemingly corrected, that Noe had filed a timely motion years before it was reflected in the record would be highly conjectural at best. In other cases, inmates have submitted mail logs or the like to support their allegations that the record was incorrect. *See Johnson v. Briarly*, 2023 WL 4747688, at *3 (W.D. Ky. July 25, 2023); *Hall v. Green*, 2019 WL 6971366, at *1 (E.D. Ky. Dec. 19, 2019). The Court cannot simply take Noe at his word that the "corrupt state prison system" "did not duly document any of [his] outgoing mail" without further evidence. And as Krow points out in his response to Noe's objections, Noe doesn't even allege that he requested records, nor does he show what response he received to such a request. [R. 18 at 3.] Nor did Noe indicate anywhere in his November 30, 2021 motion, or in the supporting documents he filed with it, that he had attempted to file a motion two years prior. [R. 14-1.] Judge Atkins' conclusions therefore seem to be well founded.

      Even assuming Noe had truly filed his first collateral action in September 2019, it still does not appear that he acted diligently. Noe's first collateral action ended on October 6, 2023, after the Kentucky Court of Appeals dismissed his belated appeal of the trial court's dismissal of his November 2021 motion because Noe failed to pay the partial filing fee. [R. 9-2 at 14-16.]

5

He then waited until April 22, 2024, to file another collateral action – over six further months of delay (beyond the seven months he waited if his initial filing was truly in September 2019) – and he did not file this action until October 29, 2024. As Krow aptly describes the situation "[Noe's] own accounting gives him, at best, more than more than 14 months of inaction." [R. 18 at 5.]

### B

Also before the Court is a Motion to Substitute Party filed by Krow. [R. 17.] Krow requests that this Court substitute Shawn McKenzie, Warden, Eastern Kentucky Correctional Complex to replace Ivan Krow, Warden, Little Sandy Correctional Complex, as the named Respondent because Noe has now been transferred. *Id*; [R. 16 at 7.] 28 U.S.C. § 2243 makes clear that a habeas petition "shall be directed to the person having custody of the person detained" and Federal Rule of Civil Procedure 25 allows the substitution of parties under various circumstances, such as when an interest is transferred or when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office. Noe's transfer means that Warden McKenzie is the public officer with custody over Noe and is therefore the proper respondent here.

### III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Petitioner Noe's Objections **[R. 16]** are **OVERRULED**;

2. The Report and Recommendation **[R. 15]** is **ADOPTED** as and for the opinion of the Court;

3. Respondent Krow's Motion to Dismiss **[R. 9]** is **GRANTED**;

4. Respondent Krow's Motion to Substitute Party **[R. 17]** is **GRANTED**;

5. Petitioner Eric Thomas Noe's Petition for Writ of Habeas Corpus **[R. 1]** is **DISMISSED WITH PREJUDICE**;

6. A Certificate of Appealability is **DENIED** as to all issues raised; and

7. Judgment in this matter will follow promptly.

This the 25th day of March 2025.

Gregory F. Van Tatenhove
United States District Judge